**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAN LI PAN,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No.  14-70437<br><br>Agency No. A078-094-932<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Man Li Pan, a native and citizen of China and the mother of two U.S.-born children, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her untimely motion to reopen removal proceedings based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252 and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the BIA decision for an abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We deny the petition.

Although Pan contends that she was justified in filing an untimely motion, she fails to establish that country conditions related to China's family planning program, including its "one-child" policy, have changed since her original asylum application in 2000. Generally, "[a]n alien must file a motion to reopen within ninety days of the date of entry of a final order of removal. However, '[t]here is no time limit on the filing of a motion to reopen' for asylum applications 'based on changed country conditions arising in the country of nationality or the country to which removal has been ordered.'" *Feng Gui Lin v. Holder*, 588 F.3d 981, 985 (9th Cir. 2009) (internal citation omitted) (quoting 8 U.S.C. § 1229a(c)(7)(C)(ii)); *see also* 8 C.F.R. § 1003.2(c)(2) and (c)(3)(ii). To meet this burden, Pan alleged that two major changes have taken place in China: (1) Chinese citizens with foreign-born children now face the same penalties, including forced sterilizations, as those who birth children in China, and (2) local governments have implemented new measures of enforcing China's family planning program. The proffered evidence supports neither claim.

Pan failed to establish that her home province has adopted a sterilization policy targeting citizens of foreign-born children. *See Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013) (recognizing that "[i]n asylum cases involving China's family planning policy, the BIA . . . looks to the 'alien's local province, municipality, or other locally-defined area'" (internal citation omitted)); *Lin*, 588 F.3d at 988 (deeming as "foreclose[d]" by BIA precedent "[petitioner's] argument that her United States citizen children will trigger the enforcement of coercive population control measures against her should she return to China"). Although Pan is from Zhejiang Province, she submitted witness statements from citizens and residents of Fujian Province regarding the family planning policy enforced in that locality. The statements do not establish that the policy in Fujian is being enforced in Zhejiang, however. *See Zhao*, 728 F.3d at 1147–48. While Pan presented letters from her cousin and classmate related to Zhejiang Province, the BIA correctly observed that the letters do not address sterilization resulting from foreign-born children.

Pan also failed to substantiate her claim that the Chinese government has implemented new methods of enforcing its family planning program. The alleged measures are documented in various congressional and State Department reports

but are materially indistinguishable from those she raised in her 2000 application. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence of changed circumstances must be "qualitatively different" from previous evidence (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004))). Based on the evidence, it cannot be said that the BIA's decision to deny Pan's motion to reopen was arbitrary, irrational or contrary to law.

**DENIED.**